Filed 10/31/23  P. v. Joyner CA3
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

---

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SEAN JOYNER,<br><br>    Defendant and Appellant. | C091224<br><br>(Super. Ct. No. 09F07948)<br><br>OPINION ON TRANSFER |

This appeal arises from the trial court's denial of defendant Sean Joyner's petition for resentencing under Penal Code[1] section 1172.6.[2]  Defendant's original counsel filed an opening brief setting forth the facts and procedural history of the case and requesting

---

[1]    Further undesignated section references are to the Penal Code.

[2]    Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6.  (Stats. 2022, ch. 58, § 10.)  There were no substantive changes to the statute.  Although defendant filed his petition under former section 1170.95, we refer to the current section 1172.6 throughout this opinion.

1

this court to review the record and determine whether there were any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant filed a letter referring this court to a previously denied habeas corpus petition but did not file a supplemental brief. This court dismissed defendant's appeal as abandoned. (*People v. Joyner* (Apr. 19, 2021, C091224) [nonpub. opn.].)

Our Supreme Court granted defendant's petition for review and transferred the case back to us with directions to vacate our prior decision and reconsider the matter in light of *People v. Delgadillo* (2022) 14 Cal.5th 216. We vacated our decision. Defendant then retained new counsel, to whom we granted extensions of time to file briefing. Defense counsel filed briefing arguing defendant was entitled to an evidentiary hearing under section 1172.6 based on changes in the law while the case was pending. The People did not file any responsive briefing. After reviewing defendant's arguments in light of intervening case law, we will reverse the trial court's order and remand the case for further proceedings under section 1172.6.

FACTUAL AND PROCEDURAL BACKGROUND

To facilitate our review, we will summarize the relevant background facts from our opinion in defendant's previous appeal from the underlying conviction. (*People v. Joyner* (Oct. 25, 2013, C071202) [nonpub. opn.].)[3]

Defendant and codefendant Nicholas Newsome, both of whom were gang members, confronted the victim, a rival gang member, outside of a nightclub. The victim turned around and someone shot and killed him. Defendant later texted several incriminating messages to the mother of his son, although he would not tell her whether he was the shooter. (*People v. Joyner*, *supra*, C071202.)

---

[3] We previously took judicial notice of this opinion and incorporated it, along with the record from defendant's direct appeal, into the record on this appeal.

At trial, the jury was instructed on theories of direct aiding and abetting (CALCRIM No. 401), murder with malice aforethought (CALCRIM No. 520), and voluntary manslaughter (CALCRIM Nos. 570, 571). The jury did not receive any instructions on felony murder or the natural and probable consequences doctrine.

The jury found defendant guilty of second degree murder and found true allegations the murder was committed for the benefit of a criminal street gang and that at least one principal personally discharged a firearm. The trial court sentenced defendant to a term of 40 years to life in prison. We affirmed the convictions on appeal. (*People v. Joyner*, *supra*, C071202.)

Defendant filed a section 1172.6 postjudgment petition for resentencing. (Sen. Bill No. 1437 (2017-2018 Reg. Sess.) Stats. 2018, ch. 1015, § 4.) The trial court appointed counsel to represent defendant, and both parties submitted briefing.

The trial court issued a written order denying the petition, saying: "Neither party appears to have examined the court's underlying file for case No. 09F07948, a simple review of which shows clearly that defendant Joyner is ineligible for . . . [section 1172.6] relief from his second degree murder conviction because the jury was not instructed on either a felony-murder theory or the natural and [probable] consequences doctrine.

"Specifically, the jury found defendant Joyner not guilty of first degree murder and instead convicted defendant Joyner of second degree murder with . . . [sections] 186.22[, subdivision] (b) and 12022.53[, subdivision] (e)(1) enhancements found true. The jury had been instructed with CALCRIM No. 401, that '[t]o prove that a defendant is guilty of a crime based on aiding and abetting that crime,' the People needed to prove that the perpetrator committed the crime, defendant knew that the perpetrator intended to commit the crime, before or during its commission defendant intended to aid and abet the perpetrator in committing the crime, and defendant['s] words or conduct did aid and abet the commission of the crime. CALCRIM Nos. 520 and 521 were given on malice aforethought murder, and other instructions were given on manslaughter, heat of passion,

3

and imperfect self-defense. There was <u>no instruction</u> given on either felony-murder or the natural and probable consequences doctrine."

The trial court concluded defendant "was convicted <u>only</u> on a general aiding and abetting theory of liability that required a jury finding of intent to aid and abet the commission of the murder." Thus, because defendant could still be convicted of murder under sections 188 and 189, he was ineligible for relief under section 1172.6.

## DISCUSSION

Defendant argues that, while his appeal was pending before our Supreme Court, Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, §§ 1-2), which expanded eligibility under section 1172.6, was passed and should be applied to his case on transfer. We agree that principles of judicial efficiency compel us to consider this case under the amended statute. (*People v. Montes* (2021) 71 Cal.App.5th 1001, 1006.)

Defendant further argues these changes, and case law interpreting the new statutory language, preclude the trial court from denying his petition at the prima facie stage of review because the combination of jury instructions used at trial makes it possible that the jury used a theory of imputed malice to convict him. At oral argument, the People conceded remand was appropriate. We agree with the parties.

At the prima facie stage of review under section 1172.6, " ' "the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' " (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) While the trial court must accept a petitioner's allegations as true because the prima facie evidentiary bar is low, the trial court may properly engage in a limited examination of the record of conviction so that the trial court can quickly dispose of petitions that are "clearly meritless." (*Ibid*.) A trial court may deny relief at this stage only if it determines petitioner is ineligible for relief as a matter of law. (*Id*. at pp. 971-972.) A petitioner is ineligible for relief as matter of law only if the record of conviction

4

conclusively establishes the petitioner was convicted under a theory of liability that remains viable under current law. (*People v. Duchine* (2021) 60 Cal.App.5th 798, 814-815.)

Under section 1172.6, subdivision (a), as amended by Senate Bill No. 775 (2021-2022 Reg. Sess.) (Stats. 2021, ch. 551, § 2), "A person convicted of felony murder or murder under the natural and probable consequences doctrine *or other theory under which malice is imputed to a person based solely on that person's participation in a crime* . . . may file a petition with the court that sentenced the petitioner to have the petitioner's . . . conviction vacated." (Italics added.)

As explained in *People v. Langi* (2022) 73 Cal.App.5th 972, 982, "the standard aiding-and-abetting instructions are ill suited to the crime of second degree murder. If, as here, a trial court uses such an instruction without tailoring it to the specifics of that crime, the instruction creates an ambiguity under which the jury may find the defendant guilty of aiding and abetting second degree murder without finding that he personally acted with malice." (*Id*. at p. 982.) CALCRIM Nos. 401 and 520, with which the trial court instructed defendant's jury, are substantially similar to CALJIC Nos. 3.01 and 8.31, which the *Langi* jury received. (*Langi*, at p. 983.) In *People v. Powell* (2021) 63 Cal.App.5th 689, 713-714, this court considered CALCRIM No. 401 and observed that, to be guilty as an aider and abettor of second degree murder, the defendant must have acted with implied malice. But the standard instructions do not require a defendant act "with the mental state of implied malice" to be "guilty as a direct aider and abettor of second degree murder." (*Langi*, at p. 983; see *Powell*, at p. 714.)

The trial court instructed defendant's jury using CALCRIM No. 401, the standard aiding and abetting instruction, and the jury convicted defendant of second degree murder. Even if the jury was not instructed on felony murder or the natural and probable consequences doctrine, it is conceivable the jury imputed malice to defendant because of the ambiguity in the jury instructions. Accordingly, the record does not establish as a

matter of law that defendant was convicted on a currently valid theory, and defendant is entitled to an evidentiary hearing on the matter.  We offer no opinion as to the outcome of that hearing.

DISPOSITION

The order denying defendant's section 1172.6 petition is reversed.  The matter is remanded with directions for the trial court to issue an order to show cause under section 1172.6, subdivision (c) and hold a hearing under subdivision (d).


/s/
ROBIE, Acting P.J.



We concur:



/s/
KRAUSE, J.



/s/
MESIWALA, J.